Fttld, J. (concurring).
I agree with Judge Vah Voobhis for reversal both in this case and in People v. Oyóla (6 N Y 2d 259), but I would place my decision upon the ground that, as matter of law, no conviction for impairing the morals of a child may validly rest on the uncorroborated testimony of the child victim. Indeed, I have long believed that such was the law. (See, e.g., People v. Meyers, 309 N. Y. 837; People v. Rosen, 293 N. Y. 683; People v. Derner, 288 N. Y. 599; People v. Slaughter, 278 N. Y. 479; People v. Churgin, 261 N. Y. 661.) The need for such a rule is obvious for, as Wigmore has observed, 111 The most dangerous witnesses in prosecutions for morality offences are the youthful ones (often mere children) in whom the sex-instinct holds the foremost place in their thoughts and feelings. * * * It is just such witnesses that often bring into their picture individuals who have never been near them and that throw suspicion recklessly on the most worthy persons.’” (3 Wig-more, Evidence [3d ed., 1940], p. 463.) Anyone who has had experience in prosecuting this type of case can document this observation with graphic illustrations.
The Legislature has expressly provided that no person may be convicted of a crime upon the unsworn testimony of a child under 12 “ unsupported ” by other evidence (Code Crim. Pro., § 392), but such a restriction does not, indeed cannot, preclude the court from making corollary provisions to safeguard the accused where judicial experience indicates the necessity. In this connection, it is noteworthy that no morals conviction based solely on the unsupported testimony of a child, sworn or *253 unsworn, has ever survived in this court. (See People v. Meyers, 309 N. Y. 837, supra, and other cases cited above.) I would make explicit the rule of law implicit in these decisions.